IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ICON LASER SOLUTIONS LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:14-cv-2885 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| LEVI STRAUSS & CO., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ICON LASER SOLUTIONS LLC files this Original Complaint against Defendant LEVI STRAUSS & CO., alleging as follows:

### I. THE PARTIES

1. Plaintiff ICON LASER SOLUTIONS LLC ("Plaintiff" or "Icon Laser") is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business in Fort Worth, Texas.

2. Upon information and belief, LEVI STRAUSS & CO. ("Defendant") is a Delaware corporation with a principal place of business in San Francisco, CA. Defendant may be served with process by serving its Registered Agent, The Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent. Federal question jurisdiction over such action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant has had minimum contacts with the Dallas Division of the Northern District of Texas such that this venue is fair and reasonable. Defendant has committed such purposeful acts or transactions in this district that it reasonably

1

should know and expect that it could be hauled into this Court as a consequence of such activity. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the Dallas Division of the Northern District of Texas.

5. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

6. On October 22, 1996, United States Patent No. 5,567,207 was duly and legally issued for a "Method for Marking and Fading Textiles with Lasers." A true and correct copy of the '207 Patent is attached hereto as Exhibit "A" and made a part hereof. The '207 Patent is referred to as the "Patent-in-Suit."

7. By way of assignment, Plaintiff owns all substantial rights in and to the Patent-in--Suit, including the exclusive rights to enforce the Patent against infringers and to collect damages for all relevant times, and including the right to prosecute this action.

8. As it pertains to this lawsuit, the '207 Patent, generally speaking, relates to the use of a laser to color fade and selectively alter textile materials in an environmentally friendly manner.

9. On information and belief, Defendant, without authority, consent, right, or license, and in direct infringement of the '207 Patent, makes, has made, uses, has used, offers for sale, has offered for sale, sells, has sold, imports, or has imported systems or products that directly infringe one or more claims of the '207 Patent. By way of example only, Defendant makes, uses, sells, or offers for sale products or services by and through its various brands, including Levi's, Levi's Signature, and Denizen by Levi's, that are made using a method or methods that infringe at least independent claim 1 of the '207 Patent, including, but not limited to, its Levi's Antique Faded

Jeans; Levi's Selvedge Jeans; Levi's 559 Jeans; all other models and styles of Levi's, Levi's Signature, and Denizen by Levi's jeans using the same or similar fading processes; Levi's Western and Levi's Clay denim shirts; all other Levi's, Levi's Signature, and Denizen by Levi's denim shirts and printed denim shirts using the same or similar fading processes.

10. Defendant has had knowledge of the existence of the Patent-in-Suit and had knowledge of its infringement, both direct and indirect, at least as early as the date on which it was served with this Complaint.

11. Upon information and belief, Defendant will continue its infringement of the Patent-in-Suit unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Patent-in-Suit have been directly infringed, either literally or under the doctrine of equivalents, by Defendant; or judgment that one or more claims of the Patent-in-Suit have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced infringement by others;

b. Judgment that Defendant account for and compensate Plaintiff for all damages suffered by and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

    d.       That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285, to the extent permitted by law and equity; and

    e.       That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: August 12, 2014.**　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Decker A. Cammack
　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24036311
　　　　　　　　　　　　　　　　　　　　　　　　Friedman, Suder & Cooke
　　　　　　　　　　　　　　　　　　　　　　　　Tindall Square Warehouse No. 1
　　　　　　　　　　　　　　　　　　　　　　　　604 East 4th Street, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Fort Worth, Texas 76102
　　　　　　　　　　　　　　　　　　　　　　　　(817) 334-0400
　　　　　　　　　　　　　　　　　　　　　　　　Fax (817) 334-0401
　　　　　　　　　　　　　　　　　　　　　　　　cammack@fsclaw.com

　　　　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**